IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Quancy C. McNeil, | ) | C/A No.: 0:12-1933-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Rock Hill Police Department;  Jack Lee | ) | |
| McKellar, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Evans

Correctional Institution ("ECI") and brings this action alleging violations of 42 U.S.C. §

1983.   Pursuant  to  the  provisions  of   28  U.S.C.  §636(b)(1)(B),  and  Local  Civil  Rule

73.02(B)(2)(d)(D.S.C.), the undersigned is authorized to review such complaints for relief

and submit findings and recommendations to the district judge.  For the reasons that follow,

the  undersigned  recommends  that  the  district  judge  dismiss  defendant  Rock  Hill  Police

Department from this action without prejudice and without issuance and service of process.

In a separately docketed order, the undersigned has authorized service against defendant Jack

Lee McKellar.

I.      Factual and Procedural Background

Plaintiff  filed  an  unsigned  pleading  on  July  11,  2012,  alleging  violations  of  his

constitutional rights.  [Entry #1].  The court issued an order on July 19, 2012, directing him

to submit the documents necessary to bring this case into proper form for initial review.

[Entry #4]. Plaintiff partially complied with the order by filing an amended complaint. [Entry #10]. Plaintiff also submitted the required financial documents. [Entry #11]. However, Plaintiff failed to provide all of the service documents needed to advance this case. Therefore, on October 11, 2012, the court issued a second order allowing Plaintiff additional time to submit fully-completed service documents. [Entry #16]. Plaintiff substantially complied with the court's order and the case is now in proper form.

The amended complaint claims that defendant Jack Lee McKellar used excessive force during Plaintiff's arrest for public disorderly conduct on January 24, 2012. [Entry #10 at 3]. Plaintiff alleges that he received medical treatment for cuts and bruises after the incident, and he seeks monetary damages and injunctive relief. *Id.* at 3; *see also* Entry #10-3.

II.     Discussion

     A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A

claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The amended complaint provides sufficient factual information to withstand summary dismissal against defendant McKellar. Plaintiff's claims against the Rock Hill Police Department ("RHPD"), however, are subject

to summary dismissal. A local police department is an integral part of a city. As such, defendant RHPD is not considered an independent entity subject to suit under § 1983. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (Denver Police Department not a separate suitable entity); *Green v. Murdaugh*, C/A No. 5:12-1086, 2012 WL 1987764, at *2 (D.S.C. May 7, 2012) (police departments "are not usually considered legal entities subject to suit"). Further, the RHPD is not a "person" amenable to suit under § 1983. *See Singleton v. 10 Unidentified U.S. Marshals*, C/A No. 2:11-1811, 2011 WL 4970779, at *4 n.9 (D.S.C. Sept. 1, 2011) (collecting cases). Because defendant RHPD is not a separate entity or a "person" amenable to suit under § 1983, this defendant should be summarily dismissed. *Id.*

Moreover, even if a local police department could be considered a proper defendant in this case, the amended complaint provides insufficient factual allegations against the RHPD to state a cognizable § 1983 claim. To establish municipal liability under § 1983, a plaintiff must demonstrate a violation of his constitutional rights "taken in furtherance of some municipal 'policy or custom.'" *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). The amended complaint in the case *sub judice* fails to identify any municipal policy or custom associated with the events giving rise to this action. Thus, defendant RHPD is entitled to summary dismissal from this case.

III.    Conclusion

For the foregoing reasons, it is recommended that defendant Rock Hill Police

Department be dismissed from this case without prejudice and without issuance and service

of process.

IT IS SO RECOMMENDED.

December 27, 2012                                    Shiva V. Hodges
Columbia, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).